## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CENTENE CORPORATION** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-2008 |
| **BRANDY JACKSON** | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

Plaintiff Centene Corporation, by and through undersigned counsel, and for its Complaint against the Defendant Brandy Jackson, states and alleges as follows:

### NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE

1. This is an action for equitable relief to enforce the terms and preserve the assets of an employee welfare benefit plan under the terms of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1000-1461.

2. Centene Corporation is the administrator of a self-funded, multi-employer, employee welfare benefit plan (the "Plan") as those terms are defined by ERISA. The Plan was created in accordance with its Restated Agreement and Declaration of Trust (the Trust Agreement) and is administered by the Centene Corporation, Centene Plaza, 7700 Forsyth Boulevard, St. Louis, Missouri 63105.

3. Centene Corporation is a fiduciary of the Plan and is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C. §1132(a)(3) and federal common law.

4. This is an action for the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession and/or control of the Defendant. No money damages are being sought from Defendant in this action.

5. Defendant Brandy Jackson (hereafter "Defendant Jackson") is a resident of the State of Kansas, residing at 16458 South Lawson Street, Olathe, Kansas, located within the District of Kansas, Kansas City Division. She may be served at the above address.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this is an action to enforce the terms of an employee welfare benefit plan under ERISA and federal common law.

7. Pursuant to 29 U.S.C. §1132(e)(2) venue is proper in this Court because the Defendant resides in this District and the Plan is administered in this District.

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Defendant Jackson was a participant in the Plan.

9. Defendant Jackson sustained personal injuries in an incident that occurred on or about April 9, 2014.

10. As the result of injuries sustained by Defendant Jackson in the aforementioned incident, the Plan paid medical benefits in the amount of at least $41,496.03 on her behalf.

11. Upon information and belief, Defendant Jackson made a claim or instituted litigation related to the aforementioned personal injury and has recovered a settlement.

12. The governing plan document is the Centene Corporation Medical Benefits Plan (hereinafter "Plan Document"). The Plan Document meets ERISA's requirement of a written plan and summary plan description. There is no other plan document that describes the nature and extent of benefits provided by the Plan.

13. The Plan Document contains an express provision which provides that participants in the Plan must fully reimburse the Plan from payments received from settlement of claims for injury or sickness caused by a third party. Attached hereto as Exhibit A is a true and correct copy of the applicable provisions of the Plan Document, which is incorporated by reference herein.

14. Upon information or belief, Defendant Jackson has settled the aforementioned claim/litigation.

15. Upon information and belief, all or part of the settlement proceeds are within the actual or constructive possession of Defendant Jackson.

16. Despite requests, the Defendant has failed to reimburse the Plan from the proceeds of the settlement and has thereby breached the terms of the Plan and ERISA.

## COUNT I: CONSTRUCTIVE TRUST AND EQUITABLE LIEN

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 15, above.

18. Pursuant to 29 U.S.C. §1132(a)(3), the Plaintiff seeks equitable relief against Defendant Jackson to enforce ERISA and the written terms of the Plan.

19. Upon information and belief, Defendant Jackson is in actual or constructive possession of settlement proceeds, or assets acquired with such proceeds, and is therefore in possession of funds that as a matter of equity and good conscience belong to the Plan.

20. Defendant was on notice of her obligations and the Plan's rights pursuant to the written terms of the Plan.

21. Defendant Jackson has refused to turn over the settlement funds according to the written provisions of the Plan. Defendant's refusal violates the terms of the Plan and ERISA. The Plan is entitled to equitable restitution in the form of a constructive trust or equitable lien by agreement

with respect to the disputed funds, or any assets acquired with such funds, held in Defendant's actual or constructive possession.

22. Defendant should be ordered to turn over to the Plan any settlement funds in her actual or constructive possession (up to the amount of the benefits advanced by the Plan on her behalf) in order to enforce the written terms of the Plan and ERISA.

WHEREFORE, Centene seeks the following relief:

a. For service upon the Defendant as required by law;

b. An order imposing a constructive trust and/or equitable lien in favor of the Plan upon any settlement funds or any property into which they have been converted which are in Defendant's possession or under Defendant's control;

c. An order enjoining the Defendant from dissipating any of the settlement funds held in her actual or constructive possession until the Plan's rights can be adjudicated;

d. An order enjoining the Defendant from transferring or disposing of the settlement funds which would prejudice, frustrate or impair the Plan's ability to recover same;

e. An order awarding to the Plan reasonable attorney's fees and costs incurred herein, pursuant to section 29 U.S.C §1132(g)(1) and

f. Other and further equitable relief to which the Plan may be entitled.

5

ARMSTRONG TEASDALE LLP


By: /s/ *Lauren K. Haley*
Lauren K. Haley    #27114
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (facsimile)
lhaley@armstrongteasdale.com